# UNITED STATES to the use of BRISCOE *v.* CITY TRUST, SAFE DEPOSIT, AND SURETY CO.

Government Contractors' Bonds, Actions upon; Materialmen.

One who, at the request of the contractor, makes repairs to a dredging machine employed in the performance of a government contract, cannot recover for the cost of making such repairs from the sureties on the contractor's bond given under the act of Congress of August 13, 1894 (28 Stat. at L. 278, chap. 280, U. S. Comp. Stat. 1901, p. 2523). (Following *United States use of Chapman* v. *City Trust. S. D. & Surety Co. ante,* 153.)

No. 1363.    Submitted December 4, 1903.    Decided January 19, 1904.

Hearing on an appeal by the use plaintiff from a judgment of the Supreme Court of the District of Columbia in an action on a bond of a contractor with the United States.    *Affirmed.*

*Mr. Chas. H. Merrilat* for the appellant.

*Mr. F. G. Coldren, Mr. H. W. Sohon,* and *Mr. F. A. Fenning* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

In this case, as in that of *United States use of Chapman* v. *the same appellee,* just decided [*ante,* 153], the controversy arises with reference to a precisely similar dredging contract. The question is whether, when a dredging machine has been taken to the place where the dredging is to be performed, and it fails to work properly in consequence of imperfect or impaired machinery, a person who makes repairs on the machinery is entitled, under the act of Congress of August 13, 1894, to hold the surety upon the contractor's bond liable for the cost of such repairs.

We regard the question as too plain to require any elaboration of argument.   As well might the person who constructed the dredging machine in the first instance seek to hold the surety liable, as the person who afterward makes repairs in order to constitute the machine what it ought to be.   There is just as much reason for the one position as for the other, and no good reason for either.   We have yet to learn that the constructor of a dredging machine has sought this remedy to enforce payment for the machine.   Nor is it of any consequence in law whether the repairs to the machine are made at the place of its dredging operations or at some far distant point.   The question is not one of place, but of principle.

The trial court held the appellee to be not liable, and we think that its decision was right.   The judgment appealed from will be affirmed, with costs; and it is so ordered.

                                                    *Affirmed.*